

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN MATHIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0022 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging an October 11, 2005 prison disciplinary proceeding which resulted in the loss of 730 days of previously earned good time credits. The disciplinary proceeding took place at the CCA Mineral Wells Unit in Parker County, Texas. As of the date the instant habeas application was filed, Petitioner was incarcerated in the Amarillo Division of this District at the Dalhart Unit in Hartley County, Texas. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that Petitioner's federal application for habeas corpus relief should be DENIED.

## I.
## PROCEDURAL HISTORY

Respondent NATHANIEL QUARTERMAN has lawful and valid custody of Petitioner

pursuant to a judgment and sentence out of the 331st Judicial District Court of Travis County, Texas. *The State of Texas v. John Mathis*, No. 9034136. Petitioner was found guilty of stalking and retaliation and, on August 20, 2003, he was sentenced to two eight-year terms of imprisonment to run concurrently. Further elaboration of the specifics of Petitioner's state court conviction and any post-conviction proceedings are unnecessary as Petitioner challenges only the result of a prison disciplinary adjudication in this proceeding.

Petitioner is not precluded from being released to mandatory supervision due to the nature of his offense.

## II.
## DISCIPLINARY ADJUDICATION

On October 4, 2005, SCO R. Wallace, filed an offense report charging Petitioner with the prison disciplinary offense of assaulting an officer, a Level 1, Code 3.3 violation of the TDCJ-CID Disciplinary Rules and Procedures for Offenders "by pushing [the officer] in the back with his left shoulder. The assault did not result in any injuries." [Tr. 1-2].

Petitioner was subsequently charged in Disciplinary Case No. 20060034703 [Tr.1]. On October 6, 2005, a preliminary investigation was conducted [Tr.5] and Petitioner was informed of and given a copy of the charge, advised of his right to present documentary evidence and have witnesses testify, including the charging officer [Disciplinary Hearing Tape of Case #20060034703]. At the hearing, Petitioner was also advised of his right to ask questions of any witness testifying against him through his counsel substitute [Disciplinary Hearing Tape of Case #20060034703]. On October 11, 2005, at the disciplinary hearing, Petitioner, represented by counsel substitute, entered a plea of not guilty of the charged offense [Tr.1]. Petitioner's defense

at the hearing was that the contact with the officer was accidental, although Petitioner admitted there was sufficient room for him to have avoided contact [Disciplinary Hearing Tape of Case #20060034703]. The charging officer testified that, on 10/3/2005 around 4:45 p.m. during mess hall line, Petitioner started to cut across and the officer told him he couldn't and had to go back [Disciplinary Hearing Tape of Case #20060034703]. Petitioner said okay, turned, came straight across at the officer, brushed her on the side, came straight into her back and pushed her [Disciplinary Hearing Tape of Case #20060034703]. He had about seven feet to get past the officer without touching her [Disciplinary Hearing Tape of Case #20060034703]. At the conclusion of the hearing, the Hearing Officer, as stated in the record, found Petitioner guilty of the charged offense based upon Petitioner's testimony at the hearing, the charging officer's testimony, and her written report [Tr.1]. The hearing officer set Petitioner's punishment at 15 days' solitary confinement, reduction in class from S-3 to L-1, and a loss of 730 days good time [Tr.1]. Petitioner appealed the decision through the two-step inmate grievance procedure, such appeal being finally denied on December 29, 2005 [Tr. 8-11].

Petitioner executed the instant federal habeas petition and filed such petition of record on January 30, 2006.

III.
GROUNDS

In support of his contention that he is being held in violation of the Constitution and laws of the United States, Petitioner appears to present the following grounds:

Petitioner was denied his right to procedural and/or substantive due process in disciplinary hearing No. 20060034703 because:

1.   The evidence was insufficient to prove the element of assault; and

      2.      The evidence was insufficient to prove the assault resulted in a non-serious injury.

Petitioner requests the disciplinary conviction be vacated, TDCJ be ordered to reinstate his good time credits of seven hundred thirty days, and that he be provided with a new, Constitutionally-adequate hearing within ninety days of the issuance of the Court's decision.

## IV.
## MERITS

To the extent Petitioner challenges the imposition of any punishment other than the confiscation of accumulated goodtime credits, he is not entitled to any relief. Cell restrictions, reduction in line class and imposition of solitary confinement are not subject to the provisions of the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 478 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997); *Malichi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000)(timing of release "too speculative to afford [inmate] a constitutionally cognizable claim to the 'right' to a particular time earning status."). Moreover, to the extent Petitioner may challenge any adverse affect on his eligibility for parole flowing from the disciplinary determination of guilt, because Texas inmates have no constitutionally protected liberty interest in obtaining parole, an inmate "cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).

As to Petitioner's lost goodtime credits, Respondent concedes Petitioner is eligible for release to mandatory supervision and, therefore, may invoke the protection of Due Process in that respect. Nevertheless, the full panoply of rights enjoyed in a criminal prosecution do not

apply, and only the following minimum standard must be satisfied: (1) at least 24 hours' advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when the presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relief upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Petitioner received at least 24 hours' advance written notice of the charges [Tr.1]; he was provided an opportunity to call witnesses and/or present documentary evidence [Disciplinary Hearing Tape of Case #20060034703]; and he was provided with a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action [Tr.1].

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

By his testimony at the disciplinary hearing, Petitioner concedes the fact of actual physical contact between himself and the officer. Given the evidence of the events transpiring before that contact, as contained in the charging officer's testimony and report, and in Petitioner's testimony, and given the evidence there was sufficient room for Petitioner to have avoided such contact, contained in both Petitioner's and the charging officer's testimonies, it is clear there was some evidence before the disciplinary hearings officer to support the finding of assault on SCO Wallace. Therefore, Petitioner's first ground must fail.

By his second and final ground, Petitioner argues there was no evidence to support any finding that the assault resulted in a non-serious injury. Petitioner is correct and Respondent does not argue otherwise. Further, the Disciplinary Hearing Report [Tr.1] reveals no such finding was made.

Instead, Respondent contends the TDCJ-CID Level 1, offense code 3.3 prohibits "Assaulting an Officer which results in non-serious injury or no injury." Therefore, Respondent argues, the physical contact with SCO Wallace admitted by Petitioner was "a violation of the named offense code regardless of the level of injury sustained by Sargent Wallace." Respondent supports this argument by referencing page 23 of the Offender Orientation Handbook, revised January 2005, and provides the worldwide web address for that page. The Court notes the correct source is the Disciplinary Rules and Procedures for Offenders handbook, rather than the Offender Orientation Handbook.

Petitioner replies that the version of offense code 3.3 presented by Respondent is different from that contained in the prison law libraries and attaches a copy of the relevant page from the TDCJ Disciplinary Rules and Procedures for Offenders, revised March of 2002, which appears to have been issued in April of 2006. Petitioner argues this is the controlling version of offense code 3.3.

The challenged offense occurred on October 3, 2005. Therefore, the version of the TDCJ Disciplinary Rules and Procedures for Offenders which was revised January of 2005 had superseded the March 2002 version and was the controlling version at the time of the offense. Copies of the title page and the relevant page containing the definition of offense code 3.3 are attached hereto. In the January 2005 TDCJ Disciplinary Rules and Procedures for Offenders

offense code 3.3 is defined as "Assaulting an officer, or any other person who is not an offender, without a weapon, which results in a non-serious injury or no injury."

Consequently, clearly there was no need to present evidence of any injury at all, and Petitioner's second ground must fail.

The undersigned find the rights set forth in *Wolff* have not been abridged, that petitioner was afforded procedural due process, and that there was "some evidence" to support the disciplinary hearing officer's decision. Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application challenging alleged due process violations in a prison disciplinary case should be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOHN MATHIS be, in all things, DENIED.

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of November 2008.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# *  <u>**NOTICE OF RIGHT TO OBJECT**</u>  *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).